**Troy MAGARRELL, Plaintiff— Appellant,**

v.

**GARRETT METAL DETECTORS; et al., Defendants—Appellees.**

**No. 08–15722.**

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted Nov. 24, 2008.*

Filed Dec. 2, 2008.

Troy Magarrell, Tehachapi, CA, pro se.

Before: ALARCÓN, LEAVY and TALLMAN, Circuit Judges.

### MEMORANDUM **

Troy Magarrell, a California state prisoner, appeals pro se from the district court's dismissal of his 42 U.S.C. § 1983 action in which he alleged constitutional violations in connection with his state court products liability lawsuit.

Magarrell asserted that in 2003, while in a high security yard in prison, he was stabbed by another inmate who used an inmate manufactured metal weapon even though the entrance to the yard was controlled by a metal detector. Magarrell filed a products liability claim in Lassen County Superior Court against the manufacturer of the metal detector, Garret Metal Detectors. According to Magarrell, the lawsuit resulted in a summary judgment against him. Magarrell subsequently filed this § 1983 action in district court, asserting that the Superior Court allowed perjured evidence, improperly denied his request for a special investigator and made numerous evidentiary and procedural errors.

We agree with the district court's conclusion that Magarrell's § 1983 action improperly sought review of his state court litigation. Because Magarrell's action amounted to a "de facto appeal seeking federal relief from state court orders and judgments," and his constitutional claims were "inextricably intertwined" with those state court decisions, the district court lacked jurisdiction over the action under the *Rooker–Feldman* doctrine. *See Exxon*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) (holding that the *Rooker–Feldman* doctrine bars "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced," from asking district courts to review and reject those judgments); *Noel v. Hall,* 341 F.3d 1148, 1154 (9th Cir.2003) ("A federal district court dealing with ... a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal").

**AFFIRMED.**